■ In the Matter of SOUTH BRONX CHURCHES, Appellant, v BOARD OF ESTIMATE OF THE CITY OF NEW YORK et al., Respondents.—Judgment (denominated order), Supreme Court, New York County (William P. McCooe, J.), entered August 27, 1990, which denied petitioner's application and dismissed this CPLR article 78 proceeding which challenged the approval by respondent Board of Estimate, of a housing development project in the south Bronx, and the designation of respondent The New York City Partnership, Inc. as project sponsor, unanimously affirmed, without costs.

After notice and hearing, the Board of Estimate authorized the sale of Site 404 in the south Bronx to respondent, The New York City Partnership (hereinafter "Partnership"), to construct a mid-density moderate income housing development. Petitioner, a not-for-profit community group, unsuccessfully sought the same site for a development of low-income "Nehemiah" housing.

Petitioner brought this article 78 proceeding, alleging that the City improperly favored a private builder; that it can construct the housing better and for less cost; and, that the higher cost of the housing discriminated against minorities. Respondents answered, contending that there had been no procedural or statutory violation; that the action of the Board of Estimate was pursuant to a plan to utilize the site for high-density housing; that the Partnership would build 250 units as opposed to the 75-80 units proposed in the Nehemiah project and, that there was no evidence of discrimination as petitioner was offered other sites for its development program. The court dismissed the petition, concluding that there was a rational basis for the action of the Board of Estimate in selecting the Partnership's project plan over that of petitioner.

Since the Board of Estimate acted in its legislative capacity pursuant to General Municipal Law articles 15 and 16, its determination to develop plans to provide for moderate and middle-income housing is not subject to judicial review *(Kaskel v Impellitteri,* 306 NY 73, *cert denied* 347 US 934). The desire to utilize the site as a mid-density moderate income development, in conjunction with the overall plans for development of the area provided a rational basis for the action of the Board of Estimate in its selection of the developer *(see, Coalition Against Lincoln W. v City of New York,* 94 AD2d 483, *affd* 60 NY2d 805). Further, petitioner's request for review of the denial of its purported right to act as builder was properly precluded by petitioner's failure to file an application *(see, Matter of Goodstein Constr. Corp. v Gliedman,* 117 AD2d 170, *affd* 69 NY2d 930). Accordingly, the petition was properly dismissed. Concur—Carro, J. P., Rosenberger, Ellerin, Smith and Rubin, JJ.